IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>TRANQULINO REYOS,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br><br><br><br>Case No. 2:18-cr-265<br><br>Judge Dee Benson |

This matter is before the court on Defendant Tranqulino Reyos' appeal of Magistrate

Judge Paul M. Warner's April 14, 2020 Order Denying Defendant's Motion for Temporary

Release, or in the Alternative, for Revocation of Detention Order.  (Dkt. 160.)  The appeal has

been fully briefed, and the Court finds that a hearing is not necessary.  For the reasons set forth

below, the court affirms the magistrate judge's Order Denying Defendant's Motion for

Temporary Release, or in the Alternative, for Revocation of Detention Order.

## BACKGROUND

On May 9, 2018, Defendant was charged in a complaint with conspiracy to distribute

methamphetamine.  (Dkt. 1.)  On May 16, 2018, Defendant appeared before the court for a

detention hearing.  After hearing argument, the magistrate judge ordered that Defendant be

detained pending trial, finding that no release condition or conditions would reasonably assure Defendant's future appearance and the safety of any other person and the community.  (Dkt. 42, 50.)  On May 23, 2018, Defendant was charged in an indictment with multiple counts, including conspiracy to distribute methamphetamine, distribution of methamphetamine, and carrying a firearm during and in relation to a drug trafficking crime.  (Dkt. 62.)  Subsequently, on April 10, 2020, Defendant sought review of his detention and moved for temporary release or, in the alternative, for revocation of detention.  (Dkt. 158.)  Before the magistrate judge, Defendant argued, pursuant to 18 U.S.C. § 3142(i), that the COVID-19 pandemic presents multiple compelling reasons to release Defendant from pretrial custody.  On April 14, 2020, the magistrate judge denied Defendant's motion.  (Dkt. 160.)

## DISCUSSION

Defendant now appeals the magistrate judge's order detaining Defendant pending trial pursuant to 18 U.S.C. § 3145(b), 18 U.S.C. § 3142(i), 3142(f), and DUCrimR 57-16(a).  "If a person is ordered detained by a magistrate judge, ... the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."  18 U.S.C. § 3145(b); *see also* DUCrimR 57-16(a) (1) (allowing a party to "seek review of a magistrate judge's order ... detaining a defendant").  When considering an appeal from a magistrate judge's order of detention, the district court conducts a de novo review.  *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019).

The Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, governs the release or detention of a defendant pending trial.  The Act provides that if the judge determines that "no condition or

combination of conditions will reasonably assure the appearance of the person as required and

the safety of any other person and the community," the judge "shall order the detention of the

person before trial."  18 U.S.C. § 3142(e)(1).  However, "[s]ubject to rebuttal by the person, it

shall be presumed that no condition or combination of conditions will reasonably assure the

appearance of the person as required and the safety of the community if the judicial officer finds

that there is probable cause to believe the person committed ... an offense for which a maximum

term of imprisonment of ten years or more is prescribed in the Controlled Substances Act."  *Id.* §

3142(e)(3).

In this appeal, Defendant argues that the COVID-19 outbreak pandemic warrants his

release for two reasons: (1) pretrial release is necessary to protect the Defendant, fellow inmates

and staff at the Tooele jail, and the public, and (2) pretrial release is necessary to enable

Defendant to prepare for trial.

In deciding whether detention is necessary, the court must conduct an individualized

assessment of the factors identified in the Bail Reform Act.  18 U.S.C. § 3142(g).  Those factors

include:

(1)     The nature and circumstances of the offense charged, including whether the
        offense is a crime of violence ... or involves a controlled substance ....;
(2)     The weight of the evidence against the person;
(3)     The history and characteristics of the person, including -
        (A)     the person's character, physical and mental condition, family ties,
                employment, financial resources, length of residence in the community,
                community ties, past conduct, history relating to drug or alcohol abuse,
                criminal history, and record concerning appearance at court proceedings;
                and
        (B)     whether, at the time of the current offense or arrest, the person was on
                probation, on parole, or on other release ....
(4)     the nature and seriousness of the danger to any person or the community that

3

would be posed by the person's release.

18 U.S.C. § 3142(g).

In this case, the court also considers, and the parties have addressed, the additional factors set forth in *United States v. Clark*, 2020WL1446895 (D. Kan. Mar. 25, 2020). These factors, tailored specifically for the purpose of evaluating § 3142(i) motions based on COVID-19, include the following: the specificity of Defendant's stated COVID-19 concerns; the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to Defendant; and the likelihood that the defendant's proposed release would increase COVID-19 risks to others. *Id.*

Having thoroughly reviewed the matters of record, the court concludes that the magistrate judge's assessment of the Defendant was correct. In support of this conclusion, the court adopts the reasoning of the magistrate judge and makes the following findings in supplement to or in emphasis of the magistrate judge's findings.

Given the nature of the charges against Defendant, there is a presumption that Defendant should be detained. 18 U.S.C. § 3142(e)(3). With respect to the nature and circumstances of the offense charged, the court notes that Defendant was charged with conspiracy to distribute methamphetamine, possession and distribution of methamphetamine, and carrying a firearm during and in relation to a drug trafficking crime. Defendant and his co-defendants were distributing large amounts of methamphetamine, a very dangerous drug, to the community. The distribution of methamphetamine combined with the unlawful use and possession of firearms are serious offenses that cause devastating and long-lasting harm to the community.

Additionally, the evidence in this case is strong.  It includes a lengthy wiretap investigation involving hundreds of hours of active and passive surveillance by law enforcement. It also involves "controlled buys" of narcotics and firearms by an informant with audio/video recording and surveillance.  Although the Defendant is relatively young, with a misdemeanor criminal history, it includes multiple failures to appear, and at the time of the original detention hearing, included active warrants.  Additionally, co-defendants in this case are members or affiliates of a violent criminal street gang that operates in the Greater Salt Lake Area.

With regard to Defendant's specific, individual circumstances and the COVID-19 pandemic, the court is unconvinced that the risk to Defendant warrants his release in this case. Defendant does not have COVID-19 nor does he allege that he has been exposed any individual with COVID-19.  Rather, Defendant relies solely on the possibility of becoming infected. Although incarcerated individuals may be at higher risk of spreading COVID-19, Defendant's allegations are too speculative to serve as a basis for relief.

As Defendant seems to admit, there do not appear to be any known cases of COVID-19 at the facility where Defendant resides, and the fact that a prisoner may face increased risks by virtue of confined quarters does not establish that a COVID-19 outbreak is imminent at a facility or that the facility would not be able to manage the medical needs of inmates who may contract the virus.  Even non-confined individuals who are practicing appropriate mitigation efforts are still contracting the virus.  Consequently, a growing number of courts have rejected these types of generalized and speculative arguments on motions seeking release based on COVID-19 because they "apply equally to anyone in custody or, for that matter, at the halfway house or

anywhere else in this community or other." *United States v. Duncan*, 2020WL1700355 (D. Kan. April 8, 2020) (listing cases).

Additionally, comprehensive precautionary measures have been instituted by the Bureau of Prisons, the U.S. Marshals Service, and the local jail facilities. The detention facilities used by the U.S. Marshals Service in Utah have implemented enhanced screening based on the CDC guidelines and are taking precautionary steps protect inmates from COVID-19 and mitigate the risk of infection. Moreover, Defendant does not contend that he has not been provided with proper medical care and attention at his facility; or, if he should contract COVID-19, that adequate medical care and treatment would not be available to him at his facility.

Moreover, the ability of Probation and Pretrial Services to supervise and monitor defendants is also compromised during this pandemic. For example, Pretrial Service Officers are limited in their abilities to vet proposed residences and meet proposed third-party custodians. Releasing Defendant under the current conditions subjects these officers to additional risk and places an undue burden on probation and pretrial services.

Finally, the court is unpersuaded by Defendant's argument that the pandemic has created circumstances such that he is unable to adequately prepare his defense for trial. The difficulties Defendant is facing are shared by the majority of inmates that are currently incarcerated. "The Court is unwilling to countenance an argument that would effectively "open the doors" of a detention facility." *United States v. Zamorano*, Slip Copy, 2020WL2512839 (D. Colo. May 15, 2020). Defendant can continue to prepare for his defense through access to discovery, as well as through telephone, mail, and email communications with counsel. Moreover, all criminal cases

have been continued pursuant to General Order 20-010.  Thus, there will be time for in-person visits at the jail when that option becomes available.

Although the court recognizes the seriousness of COVID-19, Defendant has failed to satisfy the court that there are compelling reasons sufficient to warrant his temporary release or the revocation of his detention.  Given the nature of Defendant's charges and having conducted an individualized assessment of the factors set forth in 18 USC § 3142(g), the court finds that Defendant's speculative concerns do not outweigh the court's original detention decision.

## CONCLUSION

For the reasons given, the court AFFIRMS Magistrate Judge Warner's April 14, 2020 Order Denying Defendant's Motion for Temporary Release or, in the Alternative, Revocation of Detention.

DATED this 26th day of May, 2020.

Dee Benson
United States District Judge

7